COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


AUBRIE LYN MARLOWE

                                        MEMORANDUM OPINION*
v.    Record No. 1913-99-2                  PER CURIAM
                                         FEBRUARY 15, 2000
CHESTERFIELD/COLONIAL HEIGHTS
 DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Herbert C. Gill, Jr., Judge

              (Renay M. Fariss, on brief), for appellant.

              (Steven L. Micas, County Attorney;
              Michael S.J. Chernau, Senior Assistant
              County Attorney, on brief), for appellee.

              (Janet E. Moran, on brief), guardian ad litem
              for Brittany Marlowe.


     Aubrie Lyn Marlowe appeals the decision of the circuit court

terminating her parental rights to her infant daughter, Brittany.

On appeal, Marlowe contends that the trial court erred by finding

that (1) the Chesterfield/Colonial Heights Department of Social

Services (DSS) complied with the requirements of Code § 16.1-283;

and (2) the Department complied with the requirements of

established case law to make reasonable and appropriate efforts to

strengthen the parent-child relationship.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests."  <u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

> When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests.  On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."

<u>Id.</u>  "Where, as here, the court hears the evidence <u>ore</u> <u>tenus</u>, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  <u>Martin v. Pittsylvania County Dep't of Soc. Servs.</u>, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

On appeal, under familiar principles, we view the evidence in the light most favorable to DSS, the party prevailing below.  <u>See</u> <u>id.</u>  The child was born March 28, 1998, when Marlowe was eighteen years old and incarcerated at the Bon Air Juvenile Correctional Center.  At birth, the child was infected with cytomegloinclusion virus.  As a result of the virus, the child has no hearing in one ear and has partial hearing with a risk of

-

greater hearing loss in the other ear.  She has vision problems.
She was born with calcium deposits on her brain, causing
developmental delays.  At the time of the hearing, she had a
chronological age of thirteen months but a cognitive age of six
months.  She also has difficulty in maintaining balance and
walking due to cerebral palsy.  She requires hours of physical and
speech therapy every day.

On April 29, 1998, Marlowe signed an entrustment agreement
giving the Department custody of the child.  No visitation
schedule was set, although the agreement indicated that a "regular
visiting schedule will be arranged."  Marlowe had two visits with
the child prior to August 1998.

The initial foster care plan, dated July 13, 1998, sought to
place the child with relatives.  Under the plan, Marlowe was given
three months to find a suitable family member to care for the
child.  The Department agreed to arrange transportation for visits
between Marlowe and the child "as long as [Marlowe] makes plans
for visits 48 hours in advance."  Marlowe was not expected to
provide financial assistance.

The Department filed an amended foster care plan on November
2, 1998, with the goal changed to adoption.  The amended plan
noted that the child was "very delayed in all areas of
development."  The plan also noted that Marlowe remained
incarcerated and that no family member was located to have
custody.  The plan further indicated that the child's foster

-

mother brought her to visit Marlowe twice and that Marlowe did not request additional visits.

After a hearing ore tenus, the trial court granted the Department's petition to terminate Marlowe's parental rights pursuant to Code § 16.1-283.

## Code § 16.1-283

Marlowe contends that the trial court erred in finding that the Department satisfied the statutory requirements of Code § 16.1-283(C)(1). She contends that the Department did not prove she lacked good cause in failing to maintain contact or provide for the child's future, and the Department failed to show that it made reasonable and appropriate efforts to communicate with her and to strengthen the parent-child relationship. The record does not support these contentions.

Marlowe was incarcerated at the time of the hearing. Her release date was uncertain, although she would be released no later than when she turned twenty-one. Marlowe progressed well while in the correctional center. She received her GED and took additional vocational classes. Marlowe indicated she expected to live with her aunt upon her release, who would care for the child while Marlowe went to college and worked.

Notwithstanding its praise for Marlowe's demonstrated improvements in her own life, the trial court determined that Marlowe's expressed plans were insufficient to meet the best interests of the child. Although Marlowe's plans relied upon

-

her aunt's assistance, the aunt admitted at the hearing that she had no idea what the child's viral disease involved and knew only that the child was "deaf in one ear and . . . might be blind when she turns five." She did not know what other challenges the child faced. Although Marlowe testified that she was prepared to do all that was required to assist the child, the evidence indicated that Marlowe never asked the foster mother, her counselor, or anyone with the Department what care the child required on a daily basis.

The evidence also does not support Marlowe's contention that the Department failed to promote visitation or to strengthen the parent-child relationship. The evidence indicated that limits on visitation arose largely due to the restrictions imposed by the correctional facility. In addition, although the original foster plan sought to place the child with a family member, Marlowe failed to name a family member willing to take custody.

The trial court found that the Department proved by clear and convincing evidence that it was in the child's best interests to terminate Marlowe's parental rights. The record supports that finding.

## Reasonable Efforts

Marlowe also contends the Department failed to make reasonable and appropriate efforts to strengthen the bond between her and the child, as required by Code § 16.1-283(C)(1)

-

and relevant case law. In <u>Cain v. Commonwealth</u>, 12 Va. App. 42, 402 S.E.2d 682 (1991), this Court stated that incarceration does not automatically satisfy the evidentiary requirements of Code § 16.1-283 and that the agency must make "[r]easonable and appropriate efforts . . . to assist a delinquent parent in remedying the conditions that lead to a parent's temporary relinquishment of the children . . . ." <u>Cain</u>, 12 Va. App. at 45, 402 S.E.2d at 683. However, whether the Department made "'reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case." <u>Ferguson v. Stafford County Dep't of Soc. Servs.</u>, 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).

Marlowe received numerous services while at the correctional center, including group therapy and classes on independent living and child care. Although Marlowe also took various vocational classes, she had no definite means of support upon her release and her release date was uncertain. The child required immediate and extensive services daily. Despite the stated desire of Marlowe and her aunt to provide the child with all necessary care, the evidence clearly established that their willingness was not based upon an informed assessment of their ability to meet the child's needs.

The trial court determined that the Department presented clear and convincing evidence satisfying the requirements of Code § 16.1-283(C)(1) and (2) and that it was in the child's best

-

interests to terminate Marlowe's parental rights.  Evidence supports the trial court's decision.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-